IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMAL SUNDIATA SCOTT,** : | |
| : | **Civil Action No. 1:CV-05-1574** |
| **Plaintiff** : | |
| : | **(Chief Judge Kane)** |
| v. : | |
| : | |
| **DONALD VAUGHN, et al.,** : | |
| : | |
| **Defendants.** : | |

**MEMORANDUM**

Pending before the Court is Magistrate Judge Blewitt's Report and Recommendation (Doc. No. 38) recommending that Defendant's motion for summary judgment (Doc. No. 31) be granted, to which Plaintiff has filed a short objection (Doc. No. 39). The motion has been fully briefed and is ripe for disposition. For the following reasons, the Court will adopt the Report and Recommendation and grant the Defendant's motion for summary judgment.

**I.      Background**

Plaintiff, acting pro se, commenced this action by a complaint filed on August 5, 2005, in the Eastern District of Pennsylvania pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) This case was subsequently transferred to the Middle District of Pennsylvania on August 13, 2005, assigned to Magistrate Judge Smyser for pre-trial matters, and thereafter re-assigned to Magistrate Judge Blewitt on November 23, 2005. Plaintiff is currently incarcerated at the State Correctional Institution at Huntington, Pennsylvania ("SCI-Huntington"). Plaintiff was previously incarcerated at SCI-Graterford prior to his transfer to SCI-Huntington.

Plaintiff has generally alleged that: (1) Defendants retaliated against Plaintiff in violation of the First Amendment for filing grievances and engaging in other conduct by placing him in administrative custody ("AC") and transferring him to SCI-Huntington; (2) the transfer to SCI-

Huntington and placement in AC violated Plaintiff's right to due process; (3) SCI-Graterford failed to provide for Plaintiff's basic medical and dental needs, in violation of his right to substantive due process; and (4) SCI-Huntington promotes homosexuality and suppresses what Plaintiff calls "true Islam." (Doc. No. 1.)  Defendants are Donald Vaughn, Superintendent of SCI-Gaterford; David Digugliemlo, Deputy Superintendent of SCI-Gaterford; Pennsylvania Department of Corrections Secretary Jeffrey Beard; Superintendent at SCI-Huntington James Grace; and SCI-Huntington Counselor W. Commins. (Doc. No. 1.)  Defendants have moved for summary judgment on all of Plaintiff's claims, and Magistrate Judge Blewitt has recommended that the Court grant the motion and enter judgment in favor of Defendants.  Plaintiff filed a timely objection.

## II.     Standard of Review

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56.  A factual dispute is material if it might affect the outcome of the suit under the applicable law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is genuine only if there is a sufficient evidentiary basis which would allow a reasonable fact-finder to return a verdict for the non-moving party.  Id. at 249.  The nonmoving party receives the benefit of all reasonable inferences.  Sempier v. Johnson & Higgins, 45 F.3d 724, 727 (3d Cir. 1995).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the

allegations in the complaint. Instead, he must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden at trial." Id. at 322.

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

**III.   Discussion**

Pursuant to the applicable standard of review set forth above, the Court has conducted a de novo review of Magistrate Judge Blewitt's proposed findings and recommendations, as well as Plaintiff's brief objection thereto. Upon due consideration, the Court agrees with Magistrate Judge Blewitt that after reviewing the extremely limited record in the light most favorable to Plaintiff, there is simply insufficient evidence to support Plaintiff's claims that Defendants violated his rights under the Constitution and other federal law. Plaintiff's objection is general and does not cause the Court to find that Magistrate Judge Blewitt erred in either his proposed findings or his recommended legal conclusions. For these reasons and for the reasons set forth more fully in Magistrate Judge Blewitt's report and recommendation, the Court finds that Defendants' motion for summary judgment must be granted and judgment entered in Defendants' favor. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMAL SUNDIATA SCOTT,** | : | |
| | : | **Civil Action No. 1:CV-05-1574** |
| **Plaintiff** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **DONALD VAUGHN, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

# ORDER

**AND NOW**, this 30th day of March 2007, upon consideration of Defendants' motion for summary judgment and Magistrate Judge Blewitt's report and recommendation that the motion be granted; and upon consideration of Plaintiff's objection thereto; and upon a de novo review of the motion, the report and recommendation, and Plaintiff's objection thereto; and for the reasons set forth in the within memorandum; **IT IS HEREBY ORDERED THAT:**

1. The Court **ADOPTS** Magistrate Judge Blewitt's Report and Recommendation (Doc. No. 38).

2. Defendants' Motion for Summary Judgment (Doc. No. 31) is **GRANTED**.

3. Plaintiff's Objections to Magistrate Judge Blewitt's Report and Recommendation (Doc. No. 39) are **OVERRULED**.

4. The Clerk of Court is directed to enter judgment in favor of Defendants and close the file.

s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania